Good morning, your honors. My name is Beth Persky. I'm associated with the Office of Judith Wood. I'm representing Lucila Vendano-Ramirez in this matter. This is a petition for review of an immigration decision. The Board of Immigration feels issued an affirmation without opinion, therefore incorporating the reasoning of the immigration judge. It's a sympathetic case because she's not an aggravated felon like so many of the cases roughly in this category that we get. But I don't quite see how she can get relief unless we say Congress must have made a mistake in the way they wrote the statute, treat it as a Scrivener's error, and rewrite it. Well, we had a couple of ideas. Ms. Vendano was paroled into the United States in February 1991. The statute specifically indicates at INA 245 that an individual paroled into the United States is eligible for adjustment of status. The question, I believe, is one of jurisdiction. And the issue is specifically addressed in the Code of Federal Regulations. H.C.F.R. 245.2 indicates an arriving alien, other than an alien in removal proceedings, who believes he or she meets the eligibility requirements of Section 245 of the Act or Section 1 of the Act of November 2, 1966, and Section 245.1 shall apply the director having jurisdiction over his or her place of work. If this were to be referred to Administrator Vendano and I, I would insist that the Chapter 64 article, I'm not  Xing Wang, I apologize in advance to the Director of the Corporation to have jurisdiction until the anniversary of Mr. Vendano's arrival. Therefore, it would implicate – Counsel, if you could speak up and directly as hard to understand you. Certainly. Certainly. I'm just citing the language of HCFR 245.2, which in short says that the district director over the alien's place of arrival, where a person is classified as an arriving alien, does have jurisdiction to adjudicate an adjustment application. I understand that Ms. Avendano is, was and still technically is in removal proceedings. However, were the immigration, were the court to renown the case for termination or, I'm not sure administrative closure would work, but if the jurisdiction were to revert to the district director, then she would be eligible to adjust based on the immediate relative petition filed under Section 245I by her U.S. citizen husband. Because the petition was filed prior to April 30th, 2001, she is eligible to adjust. And Congress has specifically prescribed waivers for individuals in Ms. Avendano's situation. Even if we had jurisdiction, doesn't your client's argument fail because she was an arriving alien? Well, I, we had a couple of responses to that issue. First of all, in, Ms. Avendano is classified as an arriving alien because she, she didn't have the papers necessary to enter the country. However, that happened prior to the passage of INA 245I, which allowed immediate relatives of U.S. citizens or permanent residents to remain in the United States and adjust their status. So because of the waiver authorized in 245I, she would still be eligible to adjust despite the fact that she entered. And INA 245 specifically encompasses parolees as well as individuals admitted pursuant to a visa. So therefore, because the, the immigration inspectors chose to exercise their discretion to parole her in when they determined that she had three U.S. citizen children, then she became technically eligible to adjust her status despite her means of arrival. Furthermore, Ms., Ms. Avendano was twice expeditiously removed by the Immigration Service in contravention of its own procedures. The procedures at INA 235 indicate that where an individual has lived in the United States for more than two years, that individual should be given some type of administrative hearing to determine their eligibility to enter the country. That if the service's expeditious removal is in contravention of its own regulations, then it may have been inappropriate to classify her under INA 212A9C as, as an arriving alien who had been previously removed. Because that provision specifically addresses valid agency procedures if, if an individual is removed pursuant to valid agency procedures. But in this situation, it doesn't appear that the procedures implemented by the agency were, in expeditiously removing her, were valid. Also, another issue that had been addressed by the immigration judge was her eligibility for, for pension removal. I, I understand that the court would have to essentially rewrite the law on the good moral character issue. However, we still wanted to, to continue to address this issue because if she were expeditiously removed in contravention of the agency's procedures, it may be dubious to place her in this statutory category whereby she would be precluded from a finding of a good moral character because of the wording of the statute. Aren't we required to defer to the agency's reasonable interpretation of the statute in this case? So it's difficult for me to explain how the IJ's interpretation that the reference to 1182A9A in 1101F3 means A9A and not A10A, to say that that's unreasonable. What is your response to that? Well, I would, I would basically, I think the main response I have is a due process response. I know the service had cited a number of cases culminating in Landon v. Plasencia. I interpreted those cases that Ms. Ayanov had specifically addressed political decisions of the executive branch of government. Landon v. Plasencia opens the door for due process to be applied to individuals who have established equities in the United States. I understand that in that situation it was specifically applied to a lawful permanent resident who was returning. However, rather than a... Counsel, you're arguing, I think in part, that Congress made a mistake. That's the brief thing to say, that there was a mistake made by Congress. Do we decide that straight up as a matter of statutory construction, or do we look at the BIA's interpretation of whether there was a mistake or not? Well, in the... It was a convoluted question. Sure, I understand your question, and I understand that the issue is problematic. I'm not absolutely sure. Most issues are problematic. I've seen some issues. I, in this case, the board adopted the IJ's reasoning. What the IJ said in his decision, in the certified administrative record at, I believe, page 102, is he specifically indicated that he didn't have jurisdiction, that this court lacks authority to pass on the constitutionality of the act and regulations that it must follow. My understanding is that in cases where the constitutionality is at issue, that this court has addressed due process claims. There is one case in which... I don't know if we're off on a different question, but you're asking about statutory construction. Do we construe the statute ab initio under Scherbron and such, and ask ourselves if it's ambiguous or not, and then go to the BIA? Or does the BIA do the initial construction under your view? I see. Well, I believe that the agency does not have the jurisdiction to address constitutional issues. I don't see how you even get to it, actually. I mean, nine isn't ambiguous. Nine unambiguously means nine. What you need is Scrivner's error. Yes. And you don't get to any constitutional issue at that point, I don't think. At least, if you do, I'm not following why. Well, in this case, there's certainly constitutional implications. The Fifth Amendment due process clause is invoked because the application of the statute as it is deprives the petitioner of the ability to be reunited with her family, her three U.S. citizen children and her U.S. citizen husband. And as the law currently applies, because of the bars that apply, she would be precluded, if she were forced to return to Mexico at this point, because she had been outside in the country for more than one year, she would be subject to a 10-year bar from reentry and her children would be deprived of the companionship of their mother and her husband would be deprived of companionship unless the consulate in Mexico were to grant her a waiver. If she stays in the United States, Congress has already authorized a waiver under Section 245-I for individuals in her situation. There are waivers available of the other issues in this case. There's a fraud waiver under INA 212-I and if she is able to have her case terminated, so it's no longer technically a removal case, she'll be able to adjust her status in the United States. I understand your position on the Scrivener's error with regard to the moral character issue. It's just that the implications of the statute as interpreted as applied to her are particularly egregious. Thank you, Counsel. Good morning and may it please the Court. My name is Jocelyn Wright. I'm here on behalf of the Respondent, the United States Attorney General. You've had a busy morning. Yes, I have. Thank you for your indulgence, by the way. There was – let me first address the issue regarding the Scrivener error. And that is, we believe it – to answer Judge Fernandez's question, it is the plain language of the statute that governs. And only if the plain language is ambiguous do the Chevron principles even kick in. And in this case, as Judge Kleinfeld pointed out, the statute is plain. And it refers to 1182A9. I think there could be Scrivener's error without ambiguity. Occasionally, the courts – in fact, Justice Scalia in his book, A Matter of Interpretation, recognizes clear Scrivener's error as the hard case where it might be required that you not follow the statute as written. Right. But in this case, I don't believe that type of evidence has been pointed out or submitted to illustrate that there has been a Scrivener error. Counsel, I'm sorry. I really can hardly hear you. I'm sorry. I'll raise my voice. I don't believe these are magnifying microphones. But as to the argument that the Congress simply forgot to amend it, I believe that there's an equally plausible argument to be made that Congress felt there was no need to amend it, simply because the good moral character statute at 1101F3 has a catch-all provision that says even if you don't fall within any of the enumerated grounds that preclude an alien from establishing good moral character, that doesn't prevent the immigration judge from finding that you are precluded from doing so. And so aliens who, for example, were polygamists or who were child abductors, which was the former Section 1182A9, under accepted standards now, there's a plausible argument to be made that those persons would fall within the discretionary language to catch-all provision. And so it was more important for Congress to specify that those aliens who were previously removed should be precluded from establishing good moral character, because it's not such a clear-cut issue. But the immigration judge noted that in other cases the Immigration Service has contended that Congress made a typographical error. Is that right? The immigration judge noted that. He also said he has rejected it, and he gave very good reasons for why he rejected it. But in any event, in this case, the Immigration Service did not advance that rationale. It opposed that interpretation of the statute, Your Honor. Yes. It seems the immigration is arguing both ways. I can't speak as to what positions they've taken before the immigration judges. And the second issue that I would like to address is the argument that Ms. Avendano-Ramirez was entitled to a hearing, and therefore the previous expedited removals that took place, the two previous expedited removals, are somehow invalid. And our first argument is, as we have put in the brief, that those two removal orders, expedited removal orders, are immune from collateral attack, and therefore she can't attack them in this proceeding. But in any event, I think they've misread the statute. The so-called exception that they're relying on isn't an exception. The expedited removal proceedings apply to all arriving aliens. The following subsection after that simply says, even if you're not an arriving alien, the Attorney General has the authority and may, in his discretion, designate a group of aliens who would also be subject to expedited removal, even if you're not an arriving alien. So, for example, if you've been in the United States and present without inspection for less than two years, the Attorney General could exercise his discretion and publish a notice in the Federal Register designating that class of aliens as presumptively subject to the expedited removal proceedings that, under the statute as it currently stands, would apply to all arriving aliens. Now, in this case, it was conceded she was an arriving alien, correct? Yes, that's correct. And the fact that, as to the first two expedited removals in February 19 and 22nd, there's been absolutely no dispute that at that time the expedited removal proceedings were properly invoked as to her, because she was an arriving alien who was not in possession of a valid visa she was trying to illegally enter. Now, as to the third one, that's the subject of these proceedings and it led to the Section 240 removal proceedings, the reason that she was given a hearing and provided the 240 removal proceedings is because not only was she not in possession of a valid visa and not only did she attempt to enter by fraud, there was an additional charge of removability that was lodged against her, and that was that she is an alien inadmissible to the United States because she was previously removed and she sought to re-enter within five years without seeking the Attorney General's prior approval. That was the ticket to why she was given the 240 proceedings, not because of her equities as a long-term undocumented resident of the United States, but simply because there was that additional bar to her admissibility, which the Immigration Service, in its prosecutorial discretion, decided was sufficient that they would want to go after this and perhaps to discourage her from attempting to re-enter even more times after that so that there would be that bar in place as well if the removal order was issued pursuant to that charge of removability. And as to the arguments that she is somehow being deprived of due process because she is not eligible to adjust or to cancel her removal based on the fact that she is an arriving alien, the fact of the matter is, and as we have pointed out in our 28J letter, there is over a century's worth of Supreme Court jurisprudence that says aliens applying for admission into the United States and have not been admitted legally stand outside of the Fifth Amendment due process protections with respect to their right to admission. That doesn't mean, so of course, aliens who come in illegally and are not admitted but who are present here and who commit crimes, they would be subject to the panoply of constitutional protections with respect to their criminal proceedings. Fifth Amendment right to due process, Sixth Amendment right to cancel, the Eighth Amendment prohibition against cruel and unusual punishment, all of that would apply. But with respect to their right to being admitted to the United States, the rationale is they might as well be standing in England or France and seeking an opportunity to come in. There is simply no extraterritorial application of the Fifth Amendment due process obligations. And so to the extent that an arriving alien is asserting or challenging their right to be admitted to the United States as a matter of constitutional right, that has to be rejected under well-settled Supreme Court law, this Court's jurisprudence and I think at least the Eleventh Circuit and the Second Circuit as well. There's been uniformity on that particular piece of principle of legal jurisprudence as far as I can understand. Unless the Court has any further questions, we will submit on debrief and we ask that the petition for review be denied. Thank you, counsel. Avanzano-Ramirez v. Ashcroft is submitted. She was over? She went overtime. Yeah. You went overtime. I can't hear you. No. When the red light is on and the clock is changing numbers, it's measuring how much overtime you are. However, if any of the judges want to hear further. Thank you, counsel. We return until 9 a.m. Thank you, guys. This concludes session 7. Adjourned.
judges: Dw Nelson, Fernandez, Kleinfeld